**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4033

RUFUS SAMUEL GREENE, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-90-108)

Submitted: November 7, 1996

Decided: November 21, 1996

Before RUSSELL and WIDENER, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assis-
tant Federal Public Defender, Charleston, West Virginia, for Appel-
lant. Rebecca A. Betts, United States Attorney, Stephanie D. Thacker,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Rufus Samuel Greene appeals the revocation of his supervised release and the twenty-four month sentence he thereafter received. Greene's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but raising two issues: (1) whether Greene's supervised release should have been revoked rather than placing him on home detention with electronic monitoring; and (2) whether it was error for the district court to sentence Greene outside the sentencing range recommended in a policy statement of the United States Sentencing Guidelines ("Guidelines").* Greene was notified of his right to file an additional brief, but failed to do so.

We find no support for the proposition that the district court erred by revoking Greene's supervised release and sentencing him to twenty-four months of incarceration, under 18 U.S.C.A. § 3583(e)(3) (West Supp. 1996), rather than modifying his release and placing him on home detention with electronic monitoring under§ 3583(e)(4). The Guidelines provide that a court may revoke supervised release upon a finding of a Grade C violation. USSG § 7B1.3, p.s. Greene admitted committing a Grade C violation of his supervised release. The guideline range provided in Chapter Seven is eight to fourteen months for a Grade C violation and a Criminal History Category of VI. USSG § 7B1.4, p.s. Because the policy statements on which Greene relies are not binding on the courts, United States v. Davis, 53 F.3d 638, 649 (4th Cir. 1995), and because he was sentenced within the statutory range, we find no error in the district court's sentence of twenty-four months.

_____

*See United States Sentencing Commission, Guidelines Manual, USSG § 7B1.4, p.s. (Nov. 1995).

2

As required by <u>Anders</u>, we have independently reviewed the record and all pertinent documents. We have considered all possible issues presented, and we conclude that there are no nonfrivolous grounds for appeal. Because the record discloses no reversible error, we affirm Greene's sentence.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>